IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REV. MARTIN FRY | : CIVIL ACTION |
| v. | : |
| MIDDLETOWN TOWNSHIP, et al. | : NO. 02-2780 |

ORDER AND OPINION

JACOB P. HART   DATE:  March 12, 2003
UNITED STATES MAGISTRATE JUDGE

Now before me is Defendants' Motion for Summary Judgment.  For the reasons that follow, this motion will be granted in part and denied in part.

I.   Factual and Legal Background

In this case, Reverend Martin Fry and his wife, Carol Fry, seek damages arising out of Reverend Fry's arrest by Middletown Township police officers.  It is undisputed that Fry was arrested during a snow storm after his car slowly progressed through an intersection, and that he was forcibly removed from his car after pepper spray was used against him.  Fry also claims that the Defendants, comprising Middletown Township and a number of individual police officers, prevented him from taking his necessary heart medication, and that he suffered a heart attack two days after his release by the police as a result of these events.

Defendants maintain that Fry ignored the instructions of an officer directing traffic not to proceed into the intersection, that his car actually struck that officer, and that Fry refused to open his car door and was verbally and physically belligerent and uncooperative.  Fry denies all of this, and argues that any delay on his part in complying with police orders was caused by his physical disabilities, which include cerebral palsy, and by his inability to see the officers out of his snow-covered windows.

In his complaint, Fry asserts, under 42 U.S.C. § 1983, that the Defendant police officers wrongly arrested him and subjected him to unreasonable force under the Fourth Amendment to the United States Constitution.  He also claims that the Municipality is liable for the violation of his civil rights.  Moreover, he has asserted state claims for assault and battery, negligence, intentional and negligent infliction of emotional distress, and civil rights violations under state law.  Carol Fry has added a claim for loss of consortium.

In the present motion for summary judgment, Defendants argue that Fry's civil rights claims should be dismissed.  They also claim that they are entitled to qualified immunity as to the § 1983 claims.  Third, they claim that Fry has been unable to identify the specific officers involved in his arrest, or their specific conduct.  Fourth, they claim that Carol Fry's state law claim for loss of consortium must be dismissed.  Finally, they claim that, once the plaintiffs' federal claims are dismissed, the state claims in this case must be dismissed for lack of federal jurisdiction.

II. Standard for Summary Judgment

Summary judgment is warranted where the pleadings and discovery, as well as any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. Pr. 56.  The moving party has the burden of demonstrating the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In response, the non-moving party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v. Catrett, supra at 325; Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989).

When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn from it in favor of the non-moving party. Anderson v. Liberty Lobby, supra at 255; Tiggs Corp. v. Dow Corning Corp., 822 F.2d 358 , 361 (3d Cir. 1987). Nevertheless, Rule 56 "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, supra, at 323.

III.   Discussion

A.   Fry's § 1983 Claims

Defendants' motion respecting Fry's civil rights claims will be granted as to the claim of wrongful arrest. This is because Fry pleaded guilty in the Court of Common Pleas for Bucks County to charges of disorderly conduct, summary harassment and failure to comply with the statute compelling obedience to authorized persons directing traffic. Deposition of Martin Fry at 146-148, attached to Defendants' Motion as Exhibit C. Unless a conviction is overturned or invalidated, an individual may not bring a civil damage action throwing into doubt the validity of the conviction. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Nelson v. Jashurek, 109 F.3d. 142, 145 (3d Cir. 1997); Mitchell v. Yeadon Borough, Civ. A. No. 01-1203, 2002 WL 265021 at *2 (E.D. Pa. Feb. 22, 2002). For these purposes, a guilty plea has the same preclusive effect as a conviction after trial. DiJoseph v. Vuotto, 968 F. Supp. 244, 247 (E.D. Pa. 1997), *aff'd* 156 F.2d 1224 (3d Cir. 1998); Mitchell, supra.

Summary judgment will be denied, however, on Fry's claim of excessive use of force. This cause of action does not in any way depend upon an unlawful arrest. Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997). Certainly, there are relevant issues of material fact, as noted above.

B.    <u>Claims Against the Municipality</u>

The Defendants have also argued that the claim against Middletown Township must be dismissed, since there is no evidence which would support a claim under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). In that case, the United States Supreme Court held that a civil rights complaint against a municipality or its agent must allege (1) the existence of a custom or policy of the municipality which is of such longstanding as to have the force of law; and (2) that one of the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy. 436 U.S. at 691-695.

Fry has not responded by pointing to evidence of any relevant municipal custom or policy. Instead, he argues that the municipality should remain a defendant under the "state-created danger" theory, whereby a state actor is liable in a § 1983 action, where it renders the plaintiff unable to care for himself and at the same time renders him to unable to provide for such basic human needs as food, shelter and medicine. It applies where:

> (1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; [and ] (4) the state actors used their authority to create a dangerous situation or to make the plaintiff vulnerable to danger.

<u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1208-9 (3d Cir. 1996), <u>citing</u> <u>DeShaney v. Winnebago County Department of Social Services</u>, 489 U.S. 189, 200 (1988).

However, several courts in this District have held that a municipality, as opposed to an individual state actor, can be found liable under the state-created danger theory only where a municipal policy or custom, as in <u>Monell</u>, gave rise to the violation of the plaintiff's rights. <u>M.B. v. City of Philadelphia</u>, Civ. A. No. 00-5223, 2003 WL 733879 (E.D. Pa. March 3, 2003);

Beswick v. City of Philadelphia, Civ. A. No. 00-1304, 2001 WL 210292 (E.D. Pa. Mar. 1, 2001); Tazioly v. City of Philadelphia, Civ. A. No. 97-1219, 1998 WL 633747 (E.D. Pa. Sep. 10, 1998). I believe, as those courts did, that this is in best keeping with United States Supreme Court and Third Circuit precedent. See, discussion in M.B. at **5-6.

Fry has not pointed to a relevant municipal policy or custom to support the application of the state-created danger theory to Midtown Township itself. For this reason, I will grant Defendants' summary judgment motion, and dismiss Midtown Township as a defendant in this case.

C.     The Individual Defendants' Qualified Immunity

Defendants argue that the individual police officers are entitled to qualified immunity because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 818 (1981); Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000).

However, factual issues preclude the dismissal of this claim on summary judgment. If Fry succeeds in proving his claims of excessive use of force and state-created danger, he will have shown that the individual police officers beat, cuffed, verbally insulted and pepper sprayed a 58-year-old man whose movement was impaired due to cerebral palsy, and who did not resist arrest, and that they willfully decided not to give him access to medication for his pre-existing heart condition immediately after these traumatic events. If he shows this, Fry will have shown a violation of clearly established constitutional rights of which the individuals responsible should have known. Accordingly, Defendants' motion for summary judgment will be denied in this respect.

5

D.      Fry's Failure to Identify Which Actions Were Taken By Specific Defendants

Defendants also argue that this case should be dismissed because:

> [Plaintiff] has failed to identify which Officers from the Middletown Township Police Department were involved in his arrest on February 22, 2001. Plaintiff has identified several Officers he believes were involved in his arrest, but nowhere in his Complaint does he identify which specific actions and conduct was taken by the individual Officers, which resulted in any constitutional violation.

Memorandum in Support of Motion for Summary Judgment at unnumbered page in Section C.

Defendants do not, however, point to any specific dispute as to who was involved in Fry's arrest, transportation and booking. Indeed, the official police reports taken from Defendants Rosenstein, Patrick, Amoroso, and Forman, and several other individuals, which are attached to Defendants' motion as Exhibit B, clear up most doubt in this regard.

For this reason, this portion of Defendants' motion for summary judgment will be denied for the most part, except that Plaintiffs have agreed to the dismissal of defendants Amoroso and Mellus.

E.      Carol Fry's Claim of Loss of Consortium

The Reverend Fry's wife, Carol Fry, has asserted a state law claim for loss of consortium. Defendants argue that this claim must be dismissed since a claim for loss of consortium based on a § 1983 injury to a spouse is not cognizable. Colburn v. City of Philadelphia, Civ. A. No. 00-2781, 2001 WL 872960 at *2 (E.D. Pa. Apr. 11, 2001); Ballas v. City of Reading, Civ. A. No. 00-2943, 2001 WL 73737 at *7 (E.D. Pa. Jan. 25, 2001); Quitmeyer v. SEPTA, 740 F. Supp. 363, 370 (E.D. Pa. 1990).

However, Fry has not only asserted § 1983 claims. He has also asserted tort claims which are sufficient to support Carol Fry's allegations of loss of consortium. See, Quitmeyer, supra. I

dismissed a wife's loss of consortium claim in <u>Colburn</u> only because the state tort claims from which it derived were dismissed. <u>Colburn</u>, <u>supra</u>. For this reason, Carol Fry's claim for loss of consortium will remain in the case.

F.    <u>Fry's State Claims</u>

Finally, anticipating the dismissal of Fry's federal claims, Defendants have argued that the Frys' pendent state claims must be dismissed for lack of federal jurisdiction. Since Fry's § 1983 claim of unnecessary force, and his claim under the state-created danger doctrine remain before me, there is no basis upon which to dismiss the state law claims for lack of jurisdiction.

IV.    <u>Conclusion</u>

For the reasons set forth above, I now enter the following:

## O R D E R

AND NOW, this _____ day of March, 2003, upon consideration of Defendants' Motion for Summary Judgment, docketed in this case as document No. 23, and Plaintiffs' response thereto, it is hereby ORDERED that the motion is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' Motion for Summary Judgment is GRANTED in that:

    (a) Plaintiffs' claim under 42 U.S.C. § 1983 **for wrongful arrest only** is DISMISSED;

    (b) Plaintiffs' claims against Middletown Township are DISMISSED, and Middletown Township is DISMISSED as a defendant in this case; and

    (c) Defendants Amoroso and Mellus are DISMISSED AS DEFENDANTS in this action.

2.Defendants' Motion for Summary Judgment is otherwise DENIED.

BY THE COURT:


_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE