IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REV. MARTIN FRY | : | CIVIL ACTION |
| v. | : | |
| MIDDLETOWN TOWNSHIP, et al. | : | NO. 02-2780 |

ORDER AND OPINION

JACOB P. HART                                                              DATE: March 12, 2003
UNITED STATES MAGISTRATE JUDGE

    Defendants in this case have moved to preclude the introduction of evidence that they denied plaintiff, the Reverend Martin Fry, access to his heart medication. They maintain that "in essence, this case involves allegations of the use of unreasonable and excessive force by the Defendant police officers upon the Plaintiff during his lawful arrest." Memorandum in Support of Motion at 1. Failure to permit Fry access to his medication, they argue, is irrelevant to this claim. They also argue that, to the extend that it is relevant, it is more prejudicial than probative.

    I will deny this motion. In deciding Defendants' motion for summary judgment, I ruled that Plaintiffs could not assert at trial a claim against Middletown Township under the state-created danger theory, based on Defendants' failure to permit Fry access to his medication, since they had not pointed to a municipal custom or policy which led to the violation of Fry's rights in this regard.

    Nevertheless, I will permit Plaintiffs to make such an argument at trial against the individual defendants. The state-created danger theory was recognized in <u>DeShaney v. Winnebago Cty. Soc. Services Department</u>, where the United States Supreme Court wrote:

> The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable

>   to care for himself, and at the same time fails to provide for his basic human needs – e.g., food, clothing, shelter, **medical care**, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.

489 U.S. 189, 200 (1988). (Emphasis supplied).

In <u>Kneipp v. Tedder</u>, the Court of Appeals for the Third Circuit decided that the state-created danger theory could provide the basis for a § 1983 action, where:

>   (1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; (4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur.

95 F.3d 1199, 1208 (3d Cir. 1996).

Interestingly, while Plaintiffs invoked <u>DeShaney</u> and <u>Kneipp</u> in their response to Defendants' motion for summary judgment, they did not invoke it here. Yet, the facts they have alleged surrounding Fry's medical treatment clearly fit the state-created danger cause of action much more neatly than they fit a claim of excessive force. While I could conceivably have fit the facts regarding medical treatment into an excessive force theory, therefore, I will instead treat them as setting forth a cause of action for state-created danger.

Importantly, Defendants will not be prejudiced by this. They were aware no later than Fry's October 22, 2002, deposition that he alleged his medicine was kept from him. Discovery in this case did not close until February 3, 2003. Therefore, Defendants knew of the substance of this claim in plenty of time to explore it in discovery.

Since Fry will be permitted to argue at trial that the individual defendants violated his civil rights by keeping him from his heart medication, evidence in this regard is obviously relevant. For this reason, I will deny Defendants' motion in limine.

## O R D E R

AND NOW, this           day of March, 2003, upon consideration of Defendants' Motion in Limine Seeking the Preclude Introduction of Evidence That The Defendants denied Plaintiff Medication, filed as document No. 25 in this case, and Plaintiffs' response thereto, it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE